UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JOE HENRY SCOTT, III,

     Plaintiff,

v.                              Case No. 3:19-cv-03753-RV-HTC

JOHN BROWN FINDLAY, et al.,

     Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

     Plaintiff, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Doc. 1) and motion to proceed *in forma pauperis* (ECF Doc. 2). The Court finds that Plaintiff's motion to proceed *in forma pauperis* should be granted under 28 U.S.C. § 1915. However, for the reasons set forth below, the undersigned recommends that Plaintiff's case be dismissed for failure to state a claim for relief.[1] The named Defendants are not state actors and, therefore, relief cannot be sought against them under § 1983.

---

[1] This action has been referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

## I.      The Complaint

Plaintiff's complaint names two (2) Defendants: Chaplain John Brown Findlay and the Waterfront Rescue Mission ("Waterfront").[2]  ECF Doc. 1 at 3-4. The crux of Plaintiff's complaint is that he was issued a trespass warning by Defendant Findlay and told not to return to Waterfront, the shelter at which he had been staying.  *Id.* at 7.  As relief, he seeks monetary damages and injunctive relief. *Id.* at 9.  The complaint sets forth the following factual allegations, the truth of which are accepted for purposes of this order and report and recommendation.

On October 4, 2019, a program worker at Waterfront told Plaintiff "we are not allowed to have plastic, see throw [sic] bags in the morring [sic] times.  Nor are we allowed to bring in a cup."  *Id.* at 5.  After speaking with another employee, the program worker "ran to tell [Defendant Findlay]."  Plaintiff and the other employee "explained what was going on."  *Id.* at 6.  After everything was cleared up, the program worker "staired [sic] at [Plaintiff] walk" and "steal [sic] wanted to talk." *Id.*  Plaintiff said, "I do not care if you want to fight. Just stop talking to me."  *Id.*

At that point, Defendant Findlay "ran out his office [and] said 'that is it. You're out of here.'"  *Id.*  Plaintiff asked Defendant Findlay what he did wrong, and

---

[2] Although Plaintiff only identifies Defendant Findlay in the "I. Parties to This Complaint" section of his complaint (ECF Doc. 1 at 2-3), he identifies both Defendant Findlay and Waterfront in the case style and an attached page to his complaint (ECF Doc. 1 at 4).

Defendant Findlay said, "You threatened him." *Id.* Plaintiff responded, "No I did not" and repeated what he had said to the program worker. *Id.* Defendant Findlay said, "I don't care, get out." *Id.* Plaintiff asked if he could come back that night, and Defendant Findlay said, "Yes if you learn how to act." *Id.* As he was walking out the door, Plaintiff said, "[T]his is bull shit" and Defendant Findlay said, "[T]hat [sic] it don't come back tonight." *Id.* Plaintiff asked Defendant Findlay why he could not come back that night, and Defendant Findlay said, "[B]ecause your [sic] cursing." *Id.* at 7.

Defendant then left the Waterfront property and called the police to file a complaint. *Id.* The officer that arrived, "Mrs or Mr. P Kamali[,]" refused to let Plaintiff file a complaint. *Id.* Instead, "[h]e responded without any body camera, lack of security" and went to speak to Defendant Findlay. *Id.* The officer asked Defendant Findlay if he wanted to issue Plaintiff a trespass warning, and Defendant Findlay said "yes" and did so. *Id.*

As a result of his trespass warning, Plaintiff alleges he is now being deprived a myriad of benefits Waterfront offers, including but not limited to, "soap, toothpaste, blank [sic], sheets, towel, wash rag, clean [and] safe place to sleep, air condition [sic], clean air, mailing address, 3 meal a day, place to wash [his] body, hot showers, safe place to store [his] belongings, towlet [sic] [and] sink wash my hands [and] brush my teeth… computer usage, phone… [and] assistance to other

problem that [he] may… have[,]" such as medical care and spiritual assistance.  *Id.* at 7-8.

Based on the foregoing, Plaintiff alleges Defendants violated his First and Fourteenth Amendment rights.  *Id.* at 9.  As relief, Defendant seeks, among other things, at least $2,200,000 in damages, permission to return to Waterfront, and Defendant Findlay's termination of employment.  *Id.*

## II.    Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must read Plaintiff's *pro se* allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To state a plausible claim for relief, plaintiffs must go beyond merely pleading the sheer possibility of unlawful activity by a defendant;

plaintiffs must offer factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## III. Discussion

A claim under 42 U.S.C. § 1983 requires Plaintiff to show, *inter alia*, that the alleged misconduct was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds; *Daniel v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Private parties may be considered state actors acting under color of state law only if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotations omitted).

Neither Defendant Findlay nor Defendant Waterfront may be sued under 42 U.S.C. § 1983 because neither is a person acting under color of state law. Waterfront is a private, non-profit homeless shelter and Defendant Findlay is a private individual who works in the chapel on the property. Plaintiff alleges no facts which

implicate any of the three (3) tests set forth in *Rayburn* such that Defendants could be considered state actors.    At most, Defendant alleges that Waterfront is a "government funded establishment."  ECF Doc. 1 at 7.  However, both the Supreme Court and the Eleventh Circuit have long recognized that "[s]tate action is not established merely because a private entity receives government funding or is subject to extensive government regulation."  *Shell v. Foulkes*, 362 F.App'x. 23, 27 (11th Cir. 2010) (citing *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 543 (1987)).  Indeed, "[o]nly in rare circumstances can a private party be viewed as a 'state actor for section 1983 purposes."  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

In *Shell*, the Eleventh Circuit held that a plaintiff who was evicted from his rental unit did not allege state action because his complaint "did not allege that the [state housing authority] approved [Plaintiff's] lease termination, issued or approved the notice to vacate, or authorized or initiated the eviction."  *Shell*, 362 F.App'x. 23 at 27.  Rather, "the decisions to terminate the tenancy and evict the tenant [were] left to the discretion of the unit owner."  *Id.* at 28.  Similarly, although Plaintiff received a "trespass warning" from the Escambia County Sheriff's office ("ECSO"), the warning was given because Scott was warned by Findlay "who controls said property or… has been authorized by said owner/management" to stay off the premises.  ECF Doc. 1 at 12-13; *see* Fla. Stat. 810.09(b) ("If the offender defies an

order to leave, personally communicated to the offender by the owner of the premises or by an authorized person… the offender commits a misdemeanor of the first degree.").  Thus, the trespass warning was issued because Scott failed to abide by a directive given by Findlay, who is not a state actor.  Indeed, Scott does not take issue with the warning itself, but, instead, takes issue with Findlay's rejection of him from the premises.  Therefore, based on the allegations set forth in Plaintiff's amended complaint, the undersigned finds that Plaintiff has failed to state an actionable claim against these Defendants.

Finally, although the Court should generally not dismiss a case without allowing the plaintiff an opportunity to amend, the undersigned finds that, because Plaintiff brings suit under 42 U.S.C. § 1983 against purely private actors, the defects in Plaintiff's complaint are incurable and leave to amend would be futile.  *See e.g., Conventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'"); *Dollar v. Coweta Cty Sheriff's Office*, 446 F. App'x 248, 250-51 ("A prisoner ordinarily must be given an opportunity amend his complaint. However, if the amendment would be futile, the district court may deny leave to amend.") (internal citations omitted).  Moreover, Plaintiff has filed countless

complaints under 42 U.S.C. § 1983 and is therefore on notice of appropriate pleading standards.[3]

Accordingly, it is ORDERED that,

Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is GRANTED.

It is also respectfully RECOMMENDED that,

1.    Plaintiff's complaint (ECF Doc. 1) be DISMISSED for failure to state a claim on which relief may be granted.

2.    The clerk be directed to close this file.

DONE AND ORDERED this 5th day of November, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. §

---

[3] *See, e.g, Scott v. Bergosh*, 3:19-cv-2973LC-HTC (dismissed on grounds that Plaintiff, who was incarcerated at the time of suit, was a 3-striker) (appeal pending); *Scott v. Landy*, 3-15cv578-MCR-EMT (dismissed as malicious); *Scott v. Board of County Commissioners, et al.*, 3:17cv655-LC-EMT (dismissed as malicious); *Scott v. Boggan*, No. CIV.A. 09-0426-KD-M, 2010 WL 1009720, at *1 (S.D. Ala. Feb. 22, 2010), *report and recommendation adopted*, No. CIV.A. 09-0426-KD-M, 2010 WL 1009725 (S.D. Ala. Mar. 17, 2010) (dismissed for failure to disclose prior litigation and identifying over a dozen cases filed by Scott in the Southern District of Alabama, which were dismissed prior to service).

636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11ᵗʰ Cir. R. 3-1; 28 U.S.C. § 636.